UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. SA-21-CR-244-FB |
| | § | |
| | § | |
| IMAD EDDIN WADI | § | |

**DEFENDANT'S PROPOSED INSTRUCTIONS—AND OBJECTIONS—ON ELEMENTS**

TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE:

Defendant Imad Wadi proposes the following jury instructions covering the elements and

the entrapment defense. This filing also serves to object to certain of the proposed instructions

set filed by the government, as well as those proposed by the Court in the email of 22 May 2023.

## COUNT ONE—INSTRUCTION

### Elements—Count One[1]

### CONSPIRACY TO KILL AND MAIM IN A FOREIGN COUNTRY

The Defendant is charged in Count 1 of the Indictment with conspiring to kill and maim

persons in a foreign country.

For you to find the defendant guilty of this crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

---

[1] *See* 18 U.S.C. § 956; *United States v, Fernandez*, 559 F.3d 303, 325 (5th Cir. 2009); *United States v, Wharton*, 320 F.3d 526, 537-38 (5th Cir. 2003). **Wadi intends the footnotes herein to provide authority for the proposed instructions; the footnotes are not intended to be read to the jury.**

First, Wadi and Daniel Brodi agreed to commit acts against a person or persons at a place outside the United States, and such acts would constitute the crimes of murder and maiming if committed in the territorial jurisdiction in the United States;

Second, Wadi knew the unlawful purpose of the agreement and joined willingly;

Third, during the existence of the agreement, the defendant committed at least one overt act within the jurisdiction of the United States to affect any object of the agreement; and

Fourth, at least one of the parties to the agreement was within the jurisdiction of the United States when the agreement was reached.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.[2]

---

[2] This last paragraph is taken from the Fifth Circuit Pattern Instruction 2.15A. Both the government's proposed instructions and this Court's proposed instructions (emailed 22 May 2023) use Pattern 2.15A in its entirety, but this pattern is the instruction for a general conspiracy under 18 U.S.C. § 371. The elements as set out herein above cover the conspiracy elements for § 956.

**Murder[3]**

Murder is the unlawful killing of a human being with malice aforethought. This includes every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing. This also includes every murder committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed.[4]

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.

To find malice aforethought, you need not be convinced that the defendant acted out of spite, hatred, malevolence, or ill will toward the victim.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It

---

[3] *See* 18 U.S.C. § 1111 (murder); Fifth Circuit Pattern Instruction 2.52A (First Degree Murder).

[4] This is an adaptation of the Fifth Circuit's first-degree murder pattern instruction, 2.52A. The government and this Court also propose that the Court instruct on first-degree murder alone. *See* Doc. 102 at 12 (requiring deliberation and premeditation). Wadi agrees. But the government and the Court omit the felony-murder part of § 1111, which Wadi includes.

must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

### Maiming[5]

Maiming is—

cutting, biting, or slitting the nose, ear, or lip, or cutting out or disabling the tongue, or putting out or destroying an eye, or cutting off or disabling a limb or any member of another person; or

throwing or pouring upon another person, any scalding water, corrosive acid, or caustic substance

—with intent to torture, maim, or disfigure.

---

[5] *See* 18 U.S.C. §§ 114 (maiming), 2340 (torture, referred to in maiming statute); *United States v. Stone*, 472 F.2d 909, 915 (5th Cir. 1973). Here, § 956 clearly refers to and incorporates the statutory offense of maiming. *See United States v. Awan*, 459 F. Supp. 2d 167, 182 n.25 (E.D.N.Y. 2006) (holding that the term maiming in 18 U.S.C. § 956(a)(1) incorporated the crime of maiming set out in 18 U.S.C. § 114). But the government's proposed maiming instruction does not track § 114 at all. *See* Doc. 102 at 12. Neither do this Court's proposed instructions emailed on 22 May 2023. The proposed maiming instruction by the government and the Court use the common law definition of maiming, but that is improper—when a federal statute defines the offense. Creating a common law offense is beyond the power of this Court. In *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 3 L. Ed. 259 (1812), the Supreme Court held that there was no jurisdiction in the federal courts to try criminal charges based on the common law and that all federal crimes must be based on statutes of Congress. This rule is now well settled. *See e.g., Keeble v. United States*, 412 U.S. 205, 215 (1973) (Stewart, J., dissenting); *Krulewitch v. United States*, 336 U.S. 440, 456-57 (1949) (Jackson, J., concurring); D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 468-69, (1942) (Jackson, J., concurring); *Todd v. United States*, 158 U.S. 278, 282 (1895).  "[T]he federal judiciary may not create crimes outright or enlarge the reach of enacted crimes." *Morissette v. United States*, 342 U.S. 246, 263, (1952). The Court must instruct using the statutory definition.

Torture is an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control.

### Murder *and* Maiming[6]

In order to find the first element is proved beyond a reasonable doubt, the government need not prove that anyone was murdered or maimed as I have defined above. What the government must prove beyond a reasonable doubt is that the alleged agreement in Count 1 included the intent to do acts defined as murder and maiming. Because the government charged murder *and* maiming (rather than murder *or* maiming), it is not sufficient that the government prove merely that the agreement included doing of acts that would constitute murder *or* acts that would constitute maiming. Instead, the government must prove that the agreement included doing acts that would constitute murder *and* acts that would constitute maiming.

### Special Unanimity Instruction[7]

### (*Alternative* Instruction *if* "Murder and Maiming" Instruction not given)

---

[6] Count 1 is duplicitous because it charges two different crimes: an agreement to murder and an agreement to maim as a single count. *See United States v. Correa-Ventura*, 6 F.3d 1070, 1081 n.18 (5th Cir. 1993); *Bins v. United States*, 331 F.2d 390, 392 (5th Cir. 1964) ("if any dissimilar facts must be proved, there is more than one offense"). Further, § 956(a)(2) specifies different sentences depending on the criminal act contemplated (life for murder and 35 years for maiming). And when Congress proscribes different punishments of different means of violating a statue, then the individual means constitute distinct offenses. *See, e.g., Creel v. United States*, 21 F.2d 690,961 (8th Cir. 1927). So the Court should cure the duplicity by instructing the jury that to find Wadi guilty, it must find that the government proved a conspiracy to both murder *and* maim. *See Abney v. United States*, 431 U.S. 651, 664-65 (1977) (approving district court's decision to require the prosecution to prove both offenses charged in a single count as a remedy for duplicity).

[7] *See* Fifth Circuit Pattern Instruction 1.27. As an alternative remedy to cure the duplicity, the Court should use a special unanimity instruction. *See United States v. Holley*, 942 F.2d 916, 930 (5th Cir. 1991) (special unanimity jury instruction required where multiple false statements are charged in single count); *United States v. Trammell*, 133 F.3d 1343, 1355 (10th Cir. 1998) (special unanimity instruction cured duplicitous indictment).

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count 1. Count 1 of the indictment accuses the defendant of committing the crime of Conspiracy to commit Murder and Maiming Abroad in two different ways. The first is that the defendant conspired to commit an act or acts abroad that, if done in the special maritime and territorial jurisdiction of the United States, would constitute murder. The second is that the defendant conspired to commit an act or acts abroad that, if done in the special maritime and territorial jurisdiction of the United States, would constitute maiming. The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. In other words, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit acts that would constitute murder, as I have defined for you; or all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit an act constituting maiming, as I have defined for you.[8]

## The Government Must Prove the Agreement was Between Wadi and Brodi[9]

The alleged unlawful agreement cannot include either the UCE or Hussain Baker. These individuals were acting on behalf of the United States government and, as such, they could never

---

[8] The mere presence of a special verdict form without a unanimity instruction, however, is insufficient. Without an accompanying unanimity instruction, neither this Court nor an appellate Court will be able to have confidence that the selected theory garnered unanimous agreement. To cure the duplicity, the Court must instruct the jurors that they must either agree Wadi committed murder *and* maiming, or the Court must instruct the jury they have to unanimously agree Wadi committed murder or they must unanimously agree Wadi committed maiming.

[9] *See United States v. Delgado*, 631 F.3d 685, 694 (5th Cir. 2011) (there can be no conspiracy involving only a defendant and government informer, because it takes two to conspire and government informer is not a true conspirator); *United States v. Martino*, 648 F.2d 367, 405 (5th Cir. 1981) (same).

actually agree to commit the crimes charged.  Therefore, in considering Count 1, you must find that the defendant agreed with another person who was not the UCE or Hussain Baker.  This instruction is equally applicable to the conspiracies charged in counts two and three as well.

### Outside the United States

The term "outside the United States" means any place outside the States of the United States, the District of Colombia, and the territories and possessions of the United States, including the territorial sea and the overlying airspace.[10]

### Within the Jurisdiction of the United States

The term "within the jurisdiction of the United States" means any place inside the States of the United States, the District of Colombia, and the territories and possessions of the United States, including the territorial sea and the overlying airspace.8

### Willfully[11]

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

### OBJECTION

Wadi hereby objects to any failure to instruct the jury as set out above.

---

[10] *See* 18 U.S.C. § 5, 49 U.S.C. § 40102(a)(46).

[11] *See* Fifth Circuit Pattern 1.43.

## COUNT TWO—INSTRUCTION

## Elements—Count Two[12]

## CONSPIRING TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION

The Defendant is charged in Count 2 of the indictment with conspiring[13] to provide material support to a designated foreign terrorist organization.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant entered into an agreement with one or more persons to provide Al-Nusrah Front a/k/a Fateh Al-Sham material support in the form of money and property, to include the purchase of rifles, grenades, in violation and other military equipment and other military equipment;

Second: at the time of the agreement the defendant knew Al-Nusrah Front a/k/a Fateh Al-Sham was a designated foreign terrorist organization; or that the Al-Nusrah Front a/k/a Fateh Al-Sham engages in or has engaged in in terrorist activities; or that Al-Nusrah Front a/k/a Fateh Al-Sham engages in or has engaged in terrorism.

Third: the defendant knowingly and voluntarily became a part of that agreement to support Al-Nusrah Front a/k/a Fateh Al-Sham.

---

[12] *See United States v. Wright*, 937 F.3d 8, 23 (1st Cir. 2019). The instruction is also drawn in part from Fifth Circuit Pattern Instruction 2.92B, though the pattern is not completely correct, as explained herein.

[13] The government has indicated it will forego proving the "attempt" alternative.

Last, if the government argues that support to Ahrar al-Sham constitutes support to Fatah Al Sham aka Al Nusrah Front , then the government must prove that Ahrar al-Sham was acting under the direction and control of Fatah Al Sham aka Al Nusrah Front.

## First Element

With respect to the First Element, you are instructed that in order for the alleged agreement to provided material support to Al-Nusrah Front a/k/a Fateh Al-Sham, the Secretary of State had to have designated Al-Nusrah Front a/k/a Fateh Al-Sham as a Foreign Terrorist Organization at the time of the agreement.

You are also instructed that material support includes money and property, to include the purchase of rifles, grenades, drones, and other military equipment.  You need not agree that the agreement included all of these forms of material support or resources, but you must all agree beyond a reasonable doubt that at the time of the agreement the Secretary of State had designated Al-Nusrah Front a/k/a Fateh Al-Sham as a Foreign Terrorist Organization and that agreement that included at least one of the above forms of support.

You are again advised that the alleged unlawful agreement cannot include either the UCE or Hussain Baker.  These individuals were acting on behalf of the United States government and, as such, they could never actually agree to commit the crime charged.

## Second Element

With respect to the Second Element, you must find beyond a reasonable doubt that the defendant at the time of the agreement *knew* that Al-Nusrah Front a/k/a Fateh Al-Sham was a

designated foreign terrorist organization or that the Al-Nusrah Front a/k/a Fateh Al-Sham engaged in terrorist activities or terrorism.

Wadi does not object to the definitions of "terrorist activity," "terrorism," or "engages in terrorist activity," as proposed by the government and the Court.

Again, you need not agree on the form of the defendant's knowledge but you must each be individually convinced beyond a reasonable doubt that defendant had knowledge in some form that Al-Nusrah Front a/k/a Fateh Al-Sham was a designated foreign terrorist organization or alternatively engaged in terrorist activities or engaged in terrorism.

### Third Element

With respect to the third element, I instruct you that the term knowing means that the act was done voluntarily and intentionally, not because of mistake or accident.

### Conspiracy

To prove conspiracy under Count 2, the United States must prove beyond a reasonable doubt the following elements: (1) two or more persons entered into an agreement that had as its objective providing material support or resources to a foreign terrorist organization; (2) the defendant knew that the objective of the agreement or the means by which it was to be accomplished was unlawful; and (3) the defendant knowingly and voluntarily became a part of that agreement.

10

**First Amendment**

Finally, you are advised that the above instructions should not be construed or applied as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

The First Amendment to the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

This Amendment guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Stated another way, if a defendant's speech, expression, or associations were made with the intent to willfully provide funds or goods to Al-Nusrah Front a/k/a Fateh Al-Sham, as I have described above, then the First Amendment would not provide a defense to that conduct.

**Additional Argument and Authority**

Notwithstanding that proposed instruction for Count 2 is largely drawn from the Fifth Circuit model instructions, instructing as proposed would be plain error. The failings of the proposed instruction include—**and Wadi objects to any of these failings in the final**

11

**instructions**—the following: 1) the instruction fails to include as an element of the offense that the intended recipient organization be a designated foreign terrorist organization; 2) erroneously instructs the jury of element designation is proven; 3) fails to instruct on what constitutes a conspiracy for the purpose of the statue; 4) constructively amends the indictment to permit guilt based on uncharged theories of guilt; 5) fails to accurately define the requisite mens rea for the offense; 6) fails to advise the jury that agreement with Hussain Baker and the UCE cannot be the basis for a conspiracy; 6) charges but fails to describe "attempt;"[14] and 7) fails to instruct the jury using the above alternative "direction and control" instruction.

Starting with the last point, if the government argues that support to Ahrar al-Sham constitutes support to Fatah Al Sham aka Al Nusrah Front , then the government must prove that Ahrar al-Sham was acting under the direction and control of Fatah Al Sham aka Al Nusrah Front. *See Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010); *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), *as revised* (Dec. 27, 2011). Wadi objects to any refusal to give this instruction.

The elements of §2339B were recently described in *United States v. Wright*, 937 F.3d 8, 23 (1st Cir. 2019):

> To prove a violation [of § 2339B], the government must establish that a defendant (1) knowingly provided or attempted or conspired to provide material support (2) to a foreign terrorist organization (3) that the defendant knew had been designated a foreign terrorist organization or had engaged in terrorism." United States v. Dhirane, 896 F.3d 295, 303 (4th Cir. 2018), cert. denied sub nom., Jama v. United States, 139 S. Ct. 1207, 203 L. Ed. 2d 231 (2019) (citing Holder v. Humanitarian Law Project, 561 U.S. 1, 16-17, 130 S. Ct. 2705, 177 L. Ed. 2d 355 (2010)). Id at 23.

---

[14] The government has indicated they have elected not to proceed with the "attempt" alternative.

Unlike the proposed instruction, the elements set out in *Wright* track the language of §
2339B. The first important difference between the elements set out in *Wright* and the proposed
elements is omission of the element that the recipient organization be a "designated foreign
terrorist organization." Omitting that element creates a different offense than that created by
Congress.

For example, under the proposed elements one could be convicted of providing material
support to the "Proud Boys," for providing material support (money), to an organization (the
Proud Boys), knowing that they had engaged in acts of terrorism (seditious conspiracy to
overturn an election). These facts would satisfy both elements set forth in the proposed
instruction as the proposed language allows the government to prove that either the defendant
knew the organization was designated or knew that had engaged in acts of terrorism. This
satisfies the instruction, but it would not be a violation of 2339B because the Proud Boys are not
a designated foreign terrorist organization. For this reason, courts have repeatedly held that
"Congress has provided that the fact of an organization's designation as an FTO is an element of
§ 2339B." *United States v. Hammoud*, 381 F.3d 316, 331 (4th Cir. 2004) *See also United States
v. Hossein Afshari*, 426 F.3d 1150, 2005, (9th Cir. 2005), *reh'g denied, reh'g en banc, denied*,
446 F.3d 915, (9th Cir. 2006), *cert. denied*, 549 U.S. 1110, (2007).

The proposed instructions admit as much in having this Court instruct that:

I hereby instruct you that Al-Qa'ida in Iraq ('AQi"), al-Nusrah Front ("ANF"), Jabhat
al-Nusrah, Fatah al-Sham, and Hay'at Tabrir al-Sham are related designated Foreign
Terrorist Organizations.

Instructing the jury that Jabhat al Nusra (that Al-Qa'ida in Iraq ('AQi"), al-Nusrah Front ("ANF"), Jabhat al-Nusrah, Fatah al-Sham, and Hay'at Tabrir al-Sham are designated Foreign Terrorist Organizations, however, violates Mr. Wadi's Fifth and Sixth Amendment rights. As explained above designation is an element. Although the validity of the Secretary of State's designation Al-Nusrah Front a/k/a Fateh Al-Sham as an FTO cannot be challenged, the burden still rests upon the government to offer proof of the fact of designation during the charged period and for the jury to find that the element was proven beyond a reasonable doubt.

Instructing that an element is satisfied in the absence of stipulation is error. The Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995); *see also United States v. Johnson*, 990 F.3d 392, 402 (5th Cir. 2021) (holding that "[a] jury instruction can violate due process if it interferes with the requirement that the Government prove every element of the offense.").

Count 2 may not be amended to charge material support to additional related organizations of Al-Qa'ida in Iraq ('AQi") and Hay'at Tabrir al-Sham. Amending the Count 2 to charge additional related organizations of Al-Qa'ida in Iraq ('AQi") and Hay'at Tabrir al-Sham constitutes an impermissible variance. Amendment here is impermissible because the defendant is charged impart with knowing that Al-Nusrah Front a/k/a Fateh Al-Sham is designated terrorist organization or engaged in terrorism. Adding related organizations increase what he must defend, therefore impermissibly increase the scope of what he must defend against.

14

Similarly excluding the charged forms of material support, "money and property, to include the purchase of rifles, grenades, drones, and other military equipment" allows in favor of a general description of material support allows the jury to find material support based on unindicted forms of support.

The proposed instructions also are erroneous because they fail to define the elements of the conspiracy to provide material support charged.  Judge Anthony J. Trenga described the elements of a conspiracy to violate § 2339B in *United States v. Muna Osman Jama*, 217 F. Supp. 3d 882, 886 (E.D. Va. 2016) as follows:

> The United States must prove beyond a reasonable doubt the following elements: (1) two or more persons entered into an agreement that had as its objective providing material support or resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B; (2) the defendant knew that the objective of the agreement or the means by which it was to be accomplished was unlawful; and (3) the defendant knowingly and voluntarily became a part of that agreement."

The proposed instruction, however, omits any instruction to the jury on the essence of what a conspiracy is for the purpose of § 2339B, and that is error.  The above instruction by Judge Trenga incorporates the basic elements of a conspiracy. The United States Supreme Court "has repeatedly said that the essence of a conspiracy is "an agreement to commit an unlawful act."" *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003); *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). Without instructing the jury on the requirement of an agreement, the jury is left to speculate as to what constitutes a conspiracy.

Additionally, the jury instructions for all three counts erroneously fail to advise the jury that the criminal agreement cannot be between solely the defendant and the undercover

15

government agents in these cases. *See, e.g., United States v. Williams*, 860 F. Supp. 1155, 1157 (W.D. La. 1994).

## COUNT THREE—INSTRUCTION

### Elements—Count Three[15]

### CONSPIRING TO PROVIDE MATERIAL SUPPORT TO TERRORISTS

The Defendant is charged in Count 3 of the Indictment with conspiring to provide material support to terrorists.

Separate and apart from the conspiracy to kill or maim in Count One, in order to convict under Count Three, you must also find a *separate agreement to provide material support* to the conspiracy to kill or maim charged in Count One.[16]

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

---

[15] *See* Fifth Circuit Pattern Instruction 2.92A. This instruction modifies the pattern, which is not completely correct.

[16] The government cannot charge the exact same agreement for both Count One and Count Three. There must be two agreements. A criminal agreement that violates multiple statutes is but one agreement:

the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one."

*Sanabria v. United States*, 437 U.S. 54, 98 (1978) (internal citation omitted).

16

First: That the defendant conspired[17] to provide material support or resources to Al-Nusrah Front a/k/a Fatah al-Sham to kill and main in a foreign country; and

Second: That the defendant did so knowing or intending that the material support or resources were to be used to prepare for and carry out a violation of conspiracy to kill and maim in a foreign country.

### First Element

As in Count 1 and 2, the alleged unlawful agreement cannot include either the UCE or Hussain Baker. Therefore, to find the conspiracy element satisfied, you must find that the defendant agreed with another person who was not the UCE or Hussain Baker.

I also again instruct you that material resources include money and property, to include the purchase of rifles, grenades, drones, and other military equipment. You need not agree that the agreement included all of these forms of material support or resources, but you must all agree that the agreement included at least one of these forms of support.

The material support and resources for Count 3 may be the same material resources alleged in Count 2.

### Second Element

I instruct you that the term knowing means that the act was done voluntarily and intentionally, not because of mistake or accident.[18]

---

[17] The government has indicated it will forego proving the alternatively charged "attempt."
[18] *See United States v. El-Mezain*, 664 F.3d 467, 554 (5th Cir. 2011)

With regard to the second element, you are instructed that the conspiracy to kill and maim cannot as a matter of law be the conspiracy charged in Count One. Instead, you must find that Al-Nusrah Front a/k/a Fatah Al-Sham was separately conspiring to kill and maim in a foreign country in violation of 18 U.S.C § 956 and that the defendant conspired to materially support this separate conspiracy.

To determine whether there was a separate conspiracy from those alleged in Count One by members of Al-Nusrah Front a/k/a Fatah Al-Sham, I again instruct you on the legal requirements for a conspiracy to kill and maim in a foreign country:

First, members of Al-Nusrah Front a/k/a Fatah Al-Sham agreed to commit acts that would constitute the crimes of murder and maiming if committed in the territorial jurisdiction in the United States;

Second, members of Al-Nusrah Front a/k/a Fatah Al-Sham knew the unlawful purpose of the agreement and joined willingly;

Third, one or more of the parties of this agreement committed at least one overt act in the United States furthering the agreement to murder and maim; and

Fourth, at least one of the parties to the agreement was within the jurisdiction of the United States when the agreement was reached.

### Murder

Here, murder is defined in the same way as set out above under Count One.

### Maiming

Here, maiming is defined in the same way as set out above under Count One.

### Murder *and* Maiming[19]

In order to find the first element is proved beyond a reasonable doubt, the government need not prove that anyone was murdered or maimed as I have defined above.  What the government must prove beyond a reasonable doubt is that the alleged agreement in Count 1 included the intent to do acts defined as murder and maiming.  Because the government charged murder *and* maiming (rather than murder *or* maiming), it is not sufficient that the government prove merely that the agreement included doing of acts that would constitute murder *or* acts that would constitute maiming.  Instead, the government must prove that the agreement included doing acts that would constitute murder *and* acts that would constitute maiming.

### Special Unanimity Instruction[20]

### (*Alternative* Instruction *if* "Murder and Maiming" Instruction not given)

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count 1. Count 1 of the indictment accuses the defendant of committing the crime of Conspiracy to commit Murder and Maiming Abroad in two different ways. The first is that the defendant conspired to commit an act or acts abroad that, if done in the special maritime and territorial jurisdiction of the United States, would constitute murder. The second is that the defendant conspired to commit an act or acts abroad that, if done in the special maritime and territorial jurisdiction of the United States, would constitute maiming. The government does not have to prove all of these for you to

---

[19] This instruction is proposed to cure the duplicitous count, as also argued above regarding Count 1.

[20] *See* Fifth Circuit Pattern Instruction 1.27. This instruction is an alternative cure for the duplicitous count, also as argued above regarding Count 1.

return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. In other words, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit acts that would constitute murder, as I have defined for you; or all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to commit an act constituting maiming, as I have defined for you.[21]

## Jurisdiction—Overt Act

You are also instructed that the conspiracy to commit these crimes by Al-Nusrah Front is only subject to the jurisdiction of the United States if an overt act was performed by a member of Al-Nusrah Front while in the United States. The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy to murder and maim.  But at least one overt act must have been done in the United States by a member of Al-Nusrah Front while in the United States.  An overt act is performed within the territorial jurisdiction of the United States.  The territorial jurisdiction of the United States includes the fifty states, all territories, including Guam, Puerto Rico, the U.S. Virgin Islands, and the seas contiguous to the United States and the territorial waters defined as thirteen miles from the United States. Apart from an overt act at least one member of Al-Nusrah Front who was a party to the agreement must have been a United States citizen, a legal permanent resident, or present in the United States when the agreement was reached.

---

[21] As argued above, using a special verdict form without a special unanimity instruction is insufficient to cure the duplicity.

**Objection**

Wadi objects to any failure to instruct using his proposed Count 3 instruction.

## <u>ENTRAPMENT</u>

Wadi asks the Court to give his proposed entrapment instruction. *See* Doc. 125 at 3. He objects to the failure to give this instruction. He also objects to any failure to instruct on entrapment at all.

## <u>COMBATANT IMMUNITY</u>

Wadi asks the Court to give his proposed combatant immunity instruction. *See* Doc. 125 at 6. He objects to the failure to give this instruction. He also objects to any failure to instruct on combatant immunity at all.

May 23, 2023

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ ANGELA SAAD LINDSEY
Assistant Federal Public Defender
Western District of Texas
727 East César E. Chávez Blvd., B–207
San Antonio, Texas 78206–1205
(210) 472-6700
(210) 472-4454 (Fax)
Bar Number: Texas 24059016

/s/ CHARLES D. SWIFT

21

Charles D. Swift, CLCMA
Pro Hac Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2023, I electronically filed the foregoing

Defendant's Motion In Limine with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following:

Mark Roomberg
Bill Harris
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

/s/ ANGELA SAAD LINDSEY
/s/ CHARLES D. SWIFT

*Attorneys for Defendant*